UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:15-CR-00004-GNS-2

UNITED STATES OF AMERICA                                                                       PLAINTIFF

v.

CHARLES HENRY ICKES                                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion for Suppression of Evidence (DN 172). Fully briefed, this motion is ripe for decision. For the following reasons, the motion is **DENIED**.

### I. SUMMARY OF FACTS AND CLAIMS

On April 22, 2015, a grand jury sitting in this District handed down a superseding indictment adding Defendant Charles Henry Ickes ("Ickes") to co-Defendant Jason Borden ("Borden"). (Superseding Indictment, DN 52). A grand jury handed down a second superseding indictment on June 10, 2015, which added co-Defendant Joshua Preston Moore. (Second Superseding Indictment 1, DN 69). Ickes is charged with conspiring "to knowingly and intentionally possess with the intent to distribute fifty grams or more of methamphetamine" in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846. (Second Superseding Indictment 1).

### II. DISCUSSION

In his motion, Ickes seeks to suppress a package that was removed from the stream of mail and subjected to a sniff test by a trained law enforcement narcotics detection dog. (Def.'s

Mot. for Suppression of Evid. 1). Following the issuance and execution of a search warrant, the package was found to contain approximately one and one-half pounds of crystal methamphetamine. (Pl.'s Resp. to Def.'s Mot. to Suppress 1). The controlled delivery of that package by a cooperating defendant, as well as additional assistance from the cooperating defendant, resulted in the issuance of an arrest warrant for Ickes, a search warrant of his residence, and ultimately the indictment against him. (Pl.'s Resp. to Def.'s Mot. to Suppress 1-2).

Ickes alleges that Postal Inspector Clint Springer ("Springer"), the law enforcement agent who signed the affidavit in support of the search warrant for the package, lacked reasonable suspicion to believe that the package contained contraband. (Def.'s Mot. for Suppression of Evid. 3-4). Absent reasonable suspicion, he argues, removal of the package from the stream of mail and the subjection of the package to a sniff test by a narcotics detection dog violated his Fourth Amendment rights, so that any evidence obtained as a result of the search of the package must be suppressed. (Def.'s Mot. for Suppression of Evid. 1-4).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. "It has long been held that first-class mail such as letters and sealed packages subject to letter postage . . . is free from inspection by postal authorities, except in the manner provided by the Fourth Amendment." *United States v. Van Leeuwen*, 397 U.S. 249, 251 (1970). Noting that first class mail is nevertheless "not beyond the reach of all inspection," the Sixth Circuit has held "that 'only reasonable suspicion, and not probable cause, is necessary in order to briefly detain a package for further investigation, such as examination by a drug-sniffing dog.'" *United States v. Alexander*, 540 F.3d 494, 500-01 (6th Cir. 2008) (quoting *Van Leeuwen*, 397 U.S. at 251

2

(internal quotation marks omitted); *United States v. Robinson*, 390 F.3d 853, 870 (6th Cir. 2004)).

"To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (internal quotation marks omitted) (citation omitted). "Whether this standard is met depends on the totality of the circumstances . . . ." *United States v. Elbe*, 774 F.3d 885, 889 (6th Cir. 2014) (citation omitted). "The review of the sufficiency of evidence supporting probable cause is limited to the information presented in the four corners of the affidavit."[1] *United States v. Ray*, 577 F. App'x 526, 531 (6th Cir. 2014) (citation omitted).

In this case, Springer noted in his affidavit in support of the search warrant for the package that: (1) the package was shipped Express Mail, which is "a common practice for the shippers of controlled substances . . . because the drugs or monies arrive faster and on a predictable date"; (2) the package was shipped from a "source state," *i.e.*, a state from which "controlled substances are regularly mailed"; (3) the return initials did not match the return address on file; (4) the recipient initials did not match the recipient address on file; (5) the post office location from which the package originated was not the post office location that "regularly services the return address"; (6) the Signature Required box was not checked; (7) no phone number was listed on the label; and (8) the package is addressed from a person to a person, something that is unusual with Express Mail mailings. (Springer Aff. 2-5, DN 183-2). While Ickes offers innocent explanations for each of these irregularities, "[c]haracteristics consistent

---

[1] In analyzing the issue of probable cause, the Court has limited its review solely to the portions of telephone conversations referenced in Leveritt's affidavit.

with innocent use of the mail can, when taken together, give rise to reasonable suspicion." *United States v. Demoss*, 279 F.3d 632, 636 (8th Cir. 2002) (citation omitted).

The Sixth Circuit has found the requisite reasonable suspicion when "the signature was waived with an 'X' mark, the package seemed 'dense,' the label was handwritten, the package was coming from Las Vegas . . . , and the return address was fictitious." *United States v. Alexander*, 540 F.3d 494, 501 (6th Cir. 2008). The Sixth Circuit has also found the requisite reasonable suspicion as to two packages when no recipient phone number was listed on the first package, the name of the recipient did not match the name on file at the receiving address on the first package, the recipient of the second package had a criminal record, the return addresses on both packages were fictitious, three other suspicious Express Mail packages had been sent to Louisville from Long Beach in the previous eight months, and while the packages "purported to be from different persons and different locations, the labels appeared to have been prepared by the same person." *United States v. Underwood*, 97 F.3d 1453, 1996 WL 536796, at *3 (6th Cir. 1996) (unpublished table decision). One district court found the necessary reasonable suspicion to remove a package from the stream of mail for a sniff test by a narcotics detection dog when:

> [I]t weighed more than eight ounces, it bore a handwritten label, it did not have a business account number, it was addressed from an individual to an individual, it had a fictitious return address, and it was mailed from Phoenix, AZ, which is a known narcotic mailing source location.

*United States v. Johnson*, 25 F. Supp. 3d 1034, 1039 (W.D. Mich. 2014).

The affidavit sworn to by Springer contains many of the same indices giving rise to reasonable suspicion as *Demoss*, *Alexander*, *Underwood*, and *Johnson*. Springer's affidavit explains each of the factors he cites as indicative of packages containing controlled substances and his experience enabling him to make the deductions and inferences to support his decision to briefly detain the package. (Springer Aff. 1-2). In sum, the affidavit contains "specific and

articulable facts which, taken together with rational inferences from those facts," reasonably warrant the brief detention of the package. *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

Ickes also requests the Court to hold an evidentiary hearing on his motion, arguing that "[a]n evidentiary hearing is necessary to determine if the canine inspection was lawful." (Def.'s Mot. for Suppression of Evid. 5). This Court must look to the four corners of the affidavit itself which, in this instance, supports a finding of reasonable suspicion. *See Ray*, 577 F. App'x at 531 (citation omitted). Ickes does not contest Springer's credibility or the facts recited in the affidavit. Ickes' argument is one of law, not one of fact, and therefore does not require an evidentiary hearing. In light of the analysis above, the Court will deny Ickes' motion.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Suppression of Evidence (DN 172) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
April 12, 2016

cc: counsel of record