UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CR-00004-GNS-2

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.

CHARLES HENRY ICKES                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Objection of Defendant Charles Henry Ickes ("Ickes") (DN 270) to the Magistrate Judge's Finding of Fact, Conclusions of Law, and Recommendation (DN 269). For the following reasons, Magistrate Judge Report and Recommendation is **ADOPTED** and Defendant's Objection is **OVERRULED**.

**I.    BACKGROUND**

The Magistrate Judge's Report and Recommendation ("R&R") sets forth in detail the relevant facts of this matter, which the Court incorporates herein without a recitation. (R. & R. 2-3, DN 269).

**II.    STANDARD OF REVIEW**

In *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001), the Sixth Circuit articulated the proper standard of review for objections to a ruling or recommendation by a Magistrate Judge, stating:

> [Section] 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or *for the suppression of evidence*, are governed by the *de novo* standard.

*Id.* at 603 (emphasis added) (internal citation omitted) (citation omitted).

### III. DISCUSSION

The Magistrate Judge recommended denial of Ickes' Motion to Suppress (DN 261). (R. & R. 7). Ickes objects to the Magistrate Judge's R&R and suggests that the Magistrate Judge ignored his argument that the exception to the warrant requirement for probationers did not apply to him because he was already in custody during the time of the search. (Def.'s Obj. to R. & R. 3, DN 270 [hereinafter Def.'s Obj.]).

Ickes' Objection to the R&R is presented to the Court by way of a literal "copy and paste" of the argument section from the Motion to Suppress. (Def.'s Obj. 3-5; Def.'s Mot. Suppress 4-5, DN 261). An objection that merely incorporates portions of a defendant's prior motion is insufficient to meet the "specific written objection[s] to the proposed findings and recommendations" as required by Fed. R. Civ. P. 72(b)(2). *Edwards v. Niagara Credit Sols., Inc.*, 586 F. Supp. 2d 1346, 1348 (N.D. Ga. 2008), *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 72(b)(2)). *See also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (internal quotation marks omitted) (citation omitted)). Moreover, a reexamination of the exact same argument that was presented to the magistrate judge without specific objections "wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Considering that Ickes' argument was already raised to the Magistrate Judge, the Court should review his Objection only for clear error.

Nonetheless, even if the Court was to conduct a *de novo* review, Ickes' Objection does not change the outcome. Ickes is a probationer in the state of California and his conditions of probation includes the following provision:

> Defendant shall submit to search and seizure of his/her person, place of residence or area under his/her control, or vehicle, by any probation officer or peace officer, during the day or night, with or without her/her consent, with or without a search warrant, and without regard to probable cause.

(Pl.'s Resp. Def.'s Mot. Suppress Ex. A, at 5, DN 263-1). The Magistrate Judge correctly explained, and Ickes concedes, that a search warrant is not necessary "[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity . . . ." *United States v. Knights*, 534 U.S. 112, 121 (2001). Yet, Ickes attempts to distinguish his case by reiterating his same arguments set forth in the Motion to Suppress. Ickes argues that the fact that he was in custody during the search militates against the government's right to conduct a probation search of his property. (Def.'s Obj. 3-5). Specifically, Ickes argues that "two of the primary goals of probation "recognized in *Knights* . . . are rehabilitation and protection of society." (Def.'s Obj. 5). He contends that such concerns are not implicated when a probationer is already in custody. (Def.'s Obj. 5).

The Sixth Circuit has previously rejected Ickes' argument. In *United States v. Martin*, 25 F.3d 293 (6th Cir. 1994), the defendant challenged her probation officer's search of her car that was conducted after her arrest. *Id.* at 296. The court noted that "[p]robation serves two related objectives: genuine rehabilitation and protecting the general public." *Id.* (citing *Griffin v. Wisconsin*, 483 U.S. 868, 875 (1987)). The court considered these objectives and held that "in light of [the probation officer's] knowledge that [the defendant] was wanted on drug-related charges, it was reasonable for [the defendant's] probation officer to search her car" despite the fact that the defendant was already in custody. *Id*.

3

Other circuits have likewise rejected Ickes' argument. In *United States v. Trujillo*, 404 F.3d 1238 (10th Cir. 2005), the Tenth Circuit held that a search of the parolee's residence after he was arrested did not affect the validity of the parole agreement's search condition. *Id*. at 1241. Citing *Griffin v. Wisconsin*, and *United States v. Knights*, court explained that a parolee's diminished expectation of privacy did not outweigh the governmental interest in ensuring effective rehabilitation of criminals and protecting the public from harm. *Id*. at 1242. Thus, the court concluded that a search based on reasonable suspicion in the context of a parole agreement did not violate the Fourth Amendment, even though a defendant is in custody during the search. *Id*.

Similarly, the Seventh Circuit similarly held that "[g]iven the rehabilitative purpose of Wisconsin's parole system, as well as the State's interest in deterring and preventing unlawful conduct by its parolees, we do not believe that the State's special supervisory need is diminished when a parolee is in its custody, or that the parolee enjoys a heightened expectation of privacy in his home due to his custodial status." *United States v. Jones*, 152 F.3d 680, 686 (7th Cir. 1998) (internal citation omitted). *See also United States v. Hill*, 967 F.2d 902, 907-11 (3d Cir. 1992); *United States v. Floyd*, 76 F. Supp. 3d 976, 981 (N.D. Cal. 2014); *United States v. Cain*, No. CRIM. 08-26 PJS/JSM, 2008 WL 2498176, at *10 (D. Minn. May 21, 2008), *report and recommendation adopted in part*, No. 008-CR-0026 PJS/JSM, 2008 WL 2498139 (D. Minn. June 18, 2008) ("Where a probationer, parolee or releasee is subject to a warrantless search clause, whether he is in custody or not has no bearing on the officer's justification for performing a warrantless search."). Therefore, the Court finds that Ickes' argument has no merit and the fact that he was in custody during the search of his home does not affect the ability of the government to conduct a warrantless search of his property if reasonable suspicion was present.

The Magistrate Judge in the R&R conducted a thorough examination of the relevant case law and concluded that in the totality of the circumstances, reasonable suspicion was present for the search of Ickes' property. "Under *Knights*, therefore, law enforcement officers were entitled to conduct the warrantless search in accordance with the condition of Ickes' probation." (R. & R. 7). Further, the Magistrate Judge concluded that under the Sixth Circuit precedent of *United States v. Tessier*, 814 F.3d 432 (6th Cir. 2016), a probation search is valid even in the absence of reasonable suspicion. (R. & R. 7). Ickes does not object to these findings and the Court finds no error in the R&R's conclusions. *United States v. Anderson*, No. CIV.A.7:06-172-DCR, 2007 WL 1695405, at *4 (E.D. Ky. June 8, 2007) ("A district court must make a *de novo* determination of those portions of a magistrate judge's R & R to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, '[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.'" (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))). Therefore, the Magistrate Judge's Report and Recommendation that Ickes' motion to suppress be denied is adopted and Ickes' Objection is overruled.

## IV.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Objection (DN 270) is **OVERRULED**, and the Magistrate Judge's Report and Recommendation (DN 269) is **AFFIRMED**.

Greg N. Stivers, Judge
United States District Court

March 15, 2017

cc:     counsel of record