FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2018 MAR 29 PM 12: 10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:15-CR-00004-GNS-2

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

CHARLES HENRY ICKES                                         DEFENDANT

## JURY INSTRUCTIONS

************************************

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available to you in the jury room.

### I.    GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes

1

the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

A. <u>**Presumption of Innocence, Burden of Proof, Reasonable Doubt**</u>

As you know, the Defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the Defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable

doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**B.    Evidence**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence you decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### C. Direct & Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### D. Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

4

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(c) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's

5

believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### E. Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## II. RULES OF LAW

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the Defendant is accused of committing.

But before I do that, I want to emphasize that the Defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

### INSTRUCTION NO. 1: Conspiracy to Possess with the Intent to Distribute Methamphetamine

A. Count 1 of the Second Superseding Indictment charges the defendant and others with the crime of conspiracy to possess with the intent to distribute methamphetamine. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

B. A conspiracy is a kind of criminal partnership. For you to find the Defendant guilty of the conspiracy charge, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

    1. First, that two or more persons conspired, or agreed, to possess with the intent to distribute methamphetamine; and

    2. Second, that the Defendant knowingly and voluntarily joined the conspiracy.

C. Now I will give you more detailed instructions on some of these terms.

    1. With regard to the first element – a criminal agreement – the Government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with the intent to distribute methamphetamine.

        a. This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may

7

consider in deciding whether the Government has proved an agreement. But without more they are not enough.

    b.    What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute methamphetamine. This is essential.

    c.    An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

2.    With regard to the second element – the Defendant's connection to the conspiracy – the Government must prove that the Defendant knowingly and voluntarily joined that agreement.

    a.    The Government must prove that the Defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals. You must consider the Defendant separately from his co-defendants in this regard.

    b.    This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

c. Further, this does not require proof that the Defendant knew the drug involved was methamphetamine. It is enough that the Defendant knew that it was some kind of controlled substance. Nor does this require proof that the Defendant knew how much methamphetamine was involved. It is enough that the Defendant knew that some quantity was involved.

d. But proof that the Defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the Defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the Government has proved that the Defendant joined a conspiracy. But without more they are not enough.

e. The Defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

D. You must be convinced that the Government has proved all of these elements beyond a reasonable doubt in order to find the Defendant guilty of the conspiracy charge.

## INSTRUCTION NO. 2: Unindicted, Unnamed, or Separately Tried Co-Conspirators

A.  Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

B.  Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the Defendant conspired with one or more of them. Whether they are named or not does not matter.

## INSTRUCTION NO. 3: Venue

A.  Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in Warren County, Kentucky. But for you to return a guilty verdict on the conspiracy charge, the Government must convince you that either the agreement, or one of the acts in furtherance, took place here in Warren County, Kentucky.

B.  Unlike all the other elements that I have described, this is just a fact that the Government only has to prove by a preponderance of the evidence. This means the Government only has to convince you that it is more likely than not that part of the conspiracy took place here.

C.  Remember that all the other elements I have described must be proved beyond a reasonable doubt.

## INSTRUCTION NO. 4: Unanimity Required – Determining the Amount of Controlled Substance

A.  The Defendant is charged in Count 1 of the Second Superseding Indictment with conspiracy to possess with intent to distribute methamphetamine. If you find the Defendant

10

guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy as a whole. You will be provided with a special verdict form for this purpose.

B. If you find by unanimous agreement that the Government has proved beyond a reasonable doubt that the conspiracy as a whole involved a quantity of 50 grams or more of methamphetamine, then please indicate this finding on the special verdict form.

C. If you do not so find, you will then be asked to determine whether the Government has proved a lesser quantity. If you unanimously find that the Government has proved beyond a reasonable doubt that the conspiracy as a whole involved a quantity of at least 5 grams of methamphetamine, then please indicate that finding on the special verdict form.

D. In determining the quantity of the controlled substance involved in the conspiracy as a whole, you need not find that the Defendant knew the quantity involved in the offense.

### INSTRUCTION NO. 5: Separate Consideration

Certain persons have been charged in the same indictment and may have been convicted of the offense. But in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against this defendant, and to return a separate verdict for him. For this defendant, you must decide whether the Government has presented evidence proving that he is guilty beyond a reasonable doubt.

### INSTRUCTION NO. 6: Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

11

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that he intended those results. This, of course, is all for you to decide.

### INSTRUCTION NO. 7: In or About

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that Count 1 happened "in or about and between December 2014 and February 2015." The Government does not have to prove that the crime happened on these exact dates. But the Government must prove that the crime happened reasonably close to the respective dates noted.

### INSTRUCTION NO. 8: Defendant's Testimony

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the defendant guilty beyond a reasonable doubt. It is not up to the Defendant to prove that he is innocent.

### INSTRUCTION NO. 9: Opinion Testimony

You have heard the testimony of Robert Krefft, who testified as an opinion witness.

You do not have to accept his opinion. In deciding how much weight to give the testimony, you should consider the witness's qualifications and how he reached his conclusions.

Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### INSTRUCTION NO. 10: Witness Testifying to Both Facts and Opinions

You have heard the testimony of ATF Senior Special Agent David Hayes, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept his opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### INSTRUCTION NO. 11: Impeachment of Witness Other than Defendant by Prior Conviction

You have heard the testimony of Adaryll White and Joshua Moore. You have also heard that before this trial they had been convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

## INSTRUCTION NO. 12: Testimony of a Witness Under Promise of Reduced Criminal Liability

You have heard the testimony of certain witnesses to whom the Government has promised that they would receive reduced criminal liability in exchange for their cooperation.

It is permissible for the Government to make such a promise. But you should consider that witness' testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by the Government's promise.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe their testimony beyond a reasonable doubt.

## INSTRUCTION NO. 13: Testimony of an Accomplice

You have heard the testimony of certain persons and heard that he or she was involved in the same crime that the Defendant is charged with committing. You should consider that witness' testimony with more caution than the testimony of other witnesses.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

The fact that an alleged accomplice has pleaded guilty to a crime is not evidence that the Defendant is guilty, and you cannot consider this against the Defendant in any way.

## INSTRUCTION NO. 14: Statement by Defendant

You have heard evidence that the Defendant, Charles Henry Ickes, made statements in which the Government claims he admitted certain facts. It is for you to decide whether the Defendant made the statements, and if so, how much weight the statements deserve. In making these decisions, you should consider all of the evidence about the statements, including the circumstances under which the Defendant allegedly made them.

You may not convict the Defendant solely upon his own uncorroborated statement or admission.

### III. JURY DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 10-2, or 2-10, or whatever your vote happens to be. That should stay secret until you are finished.

#### A. Experiments, Research, Investigation, and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a

15

telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**B.**   **Unanimous Verdict**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the Defendant guilty of a particular count, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

### C. Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change you mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government proved the Defendant guilty beyond a reasonable doubt.

### D. Punishment

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

E.  **Return of Verdict Form**

I have prepared a verdict form that you should use to record your verdict as to the crime charged. The form reads as follows:

"We, the Jury, find the Defendant, Charles Henry Ickes: Guilty_____ Not Guilty _____."

If you decide that the Government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

I have also prepared a special verdict form that, if you find the Defendant guilty, you should use to record your verdict as to the quantity of methamphetamine involved in the conspiracy. The form reads as follows:

"With respect to Count 1, the amount of methamphetamine involved in the conspiracy as a whole was: \_\_\_\_\_ 50 grams or more \_\_\_\_\_ less than 50 grams but 5 grams or more \_\_\_\_\_ less than 5 grams."

Remember that this finding must also be unanimous, and must have been proven by the Government beyond a reasonable doubt.

F.    **Verdict Limited to Charges Against this Defendant**

Remember that the Defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the Government has proved the crime charged.

G.    **Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.

H.    **Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.